HAROLD L. STEVENS, Appellant, *v.* VILLAGE OF ENDICOTT, Respondent.

Third Department, April 29, 1942.

*Harry Kantor,* for the appellant.

*John D. O'Loughlin,* for the respondent.

Plaintiff made application for membership in the National Guard and his acceptance by the recruiting officer was tantamount to a resignation as policeman. The plaintiff should not be permitted to violate a statute to his profit under another statute.

Order and judgment dismissing complaint affirmed.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur; SCHENCK, J., dissents, in an opinion.

SCHENCK, J. (dissenting). Plaintiff brings this action, pursuant to subdivision 1 of section 245 of the Military Law of the State of New York, to recover the difference between his salary while in the United States Army and the salary to which he would have been entitled had he remained in his capacity as policeman in the village of Endicott.

Plaintiff enlisted in the New York National Guard on September 10, 1940, while he was a member of the Endicott police force. It is stipulated that plaintiff had information at the time of his enlistment that the National Guard was about to be mobilized into the United States Army by Presidential order. Plaintiff's company was ordered into Federal service at Fort McClellan, Ala., on October 15, 1940.

Subdivision 1 of section 245 of the Military Law provides as follows: " Every * * * employee * * * of a municipal corporation * * * who is a member of the National Guard or Naval Militia or a member of the reserve corps *or force in the Federal military,* naval or marine service, shall be entitled to absent himself from his duties * * * while engaged in the performance of ordered military or naval duty, * * *. During the absence of any such * * * employee, while engaged in the performance of ordered military * * * duty as a member of the National Guard * * *, or * * * force in the Federal military * * * service, he shall receive his salary * * * as such * * * employee, provided the period of such absence in any calendar year does not exceed thirty days. If the period of such absence * * * exceeds thirty days he shall receive for the * * * absence in excess of thirty days such part of his salary * * * as equals the excess, if any, of such salary * * * paid to him for the performance of such duty."

There is no question but that between October 15, 1940, and October 18, 1941, when he was relieved of military duty as being over twenty-eight years of age, plaintiff was in the Federal military service pursuant to executive order. The defense raised in this period is based solely on subdivision 2 of section 1 of Military Regulation No. 25, dated July 1, 1931, as issued by the office of the Adjutant-General of the State of New York. This provides: " Members of the police force of any city * * * or other political subdivision of the State * * * are ineligible for enlistment or reenlistment in the New York National Guard or Naval Militia."

Defendant contends that, under this section, plaintiff's enlistment was " illegal " and that, accordingly, plaintiff must be deprived of the benefits that would otherwise accrue to a member of the National Guard " while engaged in the performance of ordered military * * * duty." The lower court, upon motion of defendant, dismissed the complaint upon this theory.

I think the order and judgment dismissing the complaint should be reversed and plaintiff's motion for summary judgment should be granted. There does not appear to be any direct authority in point, but from the sections of law involved, both military and civil, and in view of the surrounding circumstances, there is no reason or basis of law or fact sufficiently compelling to deprive this plaintiff of the benefits given to a member of the National Guard engaged in the performance of ordered military duty in the Federal military forces.

It is true that plaintiff's application for enlistment could have been, and perhaps should have been, rejected by the recruiting officer, as plaintiff at the time gave his occupation as that of police officer. Nevertheless, it was not so rejected and plaintiff served for over a month, and until October 15, 1940, as a member of the National Guard. On that date he was ordered, along with other members of his company, into Federal service. It is argued that plaintiff concedes that he had information that the National Guard would be mobilized into Federal service when he joined it. This is immaterial. His knowledge was no more than the general knowledge and anticipation of the public which, of course, is nearly as often faulty as it is correct. But, in any event, the fact remains that plaintiff was accepted by the recruiting officer, became a member of the Guard, and subsequently became, by executive order, a member of the Federal military forces. Under the foregoing provisions of subdivision 1 of section 245 of the Military Law, he is entitled to the pay differential therein provided.

I cannot see how the matter is changed because he was " ineligible " to join the National Guard in the first instance. To sustain such argument it would be necessary to hold that he technically never was in the National Guard, and presumably, to carry such logic to inevitable conclusion, that he was never in the Federal service. Such theory is untenable. Had he lost his life in the line of duty during his period of service, could it be found that his family would be deprived of the benefits of his war risk insurance? Regardless of eligibility and regardless of errors committed by the recruiting officer, plaintiff actually was a member of the National Guard and actually served a year of ordered military duty in the Federal service. He is entitled to the benefits of such service including the State differential pay for the period served.

The order and judgment dismissing complaint should be reversed and motion of plaintiff for summary judgment granted, with costs.